FÉLIX R. CANCELA, known as FÉLIX REINA, Plaintiff and Appellant, v. CIPRIANA PELLOT as heir of EPIFANIA DUPREY, known as EPIFANIA REINA, Defendant and Appellee.

No. 3558. Argued April 3, 1925.—Decided August 1, 1925.

1. ATTORNEY AND CLIENT.—Business or professional engagements of an attorney away from the domicile of the client are not an excuse for not attending to a client's business.

2. ID.—Mistakes or omissions of the attorney are imputable to the client.

3. DEFAULT.—To open the default under the frivolous excuses of the attorney for the defendant is an abuse of discretion.

District Court of Aguadilla, Tomás Bryan, J. Order opening default. *Reversed.*

*García Méndez & García Méndez* for the appellant. *R. Padró Parés* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This suit was begun on June 13, 1923. The court denied one of the preliminary motions of defendant, but granted a motion for greater specification or a bill of particulars. On November 7, 1923, an amended complaint was filed. On the 4th of December, 1923, the complainant obtained a judgment by default. It will be seen that it took a judgment by default to cause the attorney for the defendant to act,

and it is evident that he found time to act on such an occasion. He came in and filed a motion on December 27, 1923, to annul the judgment. The court on January 24, 1924, opened the default. The defendant then on February 20, 1924, filed another motion for a bill of particulars. The complainant, thinking that the defendant was not really defending, moved the court for a default judgment. The case was fully argued by both lawyers and in an elaborate order rendered on August 2, 1924, a second default judgment was entered. As appears later, the real reason for the entry of the default judgment by the court was that the complainant had already sufficiently amended his complaint in response to the first motion for a bill of particulars. The defendant on August 27, 1924, again moved to open the default. With the motion to open the default the defendant filed an affidavit of merits, a demurrer and an answer. The court refused to open the default, evidently thinking that the defendant should have answered instead of repeating his motion for a bill of particulars. The court was of the opinion that the discretion of the court should be used against the defendant. The said order was dated September 23, 1924. From the default judgment the defendant did not appeal, but took an appeal from the order of September 23, 1924. The appeal was dismissed on November 18, 1924. On the 26th day of November, 1924, the complainant started proceedings in execution of the judgment.

Then the defendant on December 16, 1924, filed another motion to open the default. This motion the court granted, and it is from the order of January 13, 1925, opening the default, that the complainant appealed. This order reads as follows:

"The defendant herein filed a duly verified motion together with affidavits of merits praying the court to set aside the judgment by default entered in this action, opening the default and ordering that the amended answer presented by the defendant be filed.

"Notice of said motion was served on the adverse party and after being argued in open court by both parties to the suit the court declared the matter closed and reserved its decision for one of its immediate sessions.

"This is a case for the recovery of a certain sum of money. The plaintiff claims that on December 28, 1910, he paid the industrial firm known as Velardo & Gómez the sum of $84.41 and that on different occasions which he does not recall, but in the course of the said year of 1910, he paid the said concern further sums to the amount of $305.31, which the author, Epifania Duprey, known as Epifania Reina, owed the said industrial firm for repairs to her dwelling-house, she agreeing to pay said aggregate amount to the plaintiff with interest at the rate of 12 per cent per annum, on December 31, 1913, at latest.

"The amended answer presented by the defendant contains a general and specific denial of the third and fourth clauses of the complaint, and substantially alleges by way of special defense that the plaintiff was the person charged with the duty of collecting money due to the author Epifania Duprey, known as Epifania Reina; that said Epifania Duprey never borrowed any sum of money from Félix H. Cancela and did not instruct the latter to make payment for her account to any other person.

"The better practice is to give the parties an opportunity to defend themselves and to decide the questions after hearing them rather than to sustain judgments by default when it appears that the failure to comply with the Law of Procedure is due, as in this case, to excusable negligence and not to a desire to interrupt and delay the matter in dispute. Rubio v. Mayagüez Auto Garage, Inc., 20 P.R.R. 229.

"The Court is of the opinion that the defendant should be given an opportunity to have her day in court, since both the complaint and the answer show that she has a good ground of defense.

"The affidavit of merits subscribed by the attorney for the defendant, attached to the said motion, shows that when said attorney presented the bill of particulars herein his professional engagements were of such a nature as to compel him permanently to absent himself from his place of domicile; that he was under the impression, when he filed the said bill of particulars, that he had attached a motion praying the court to leave in suspense the term for filing the pleadings of the defendant until such time as the bill in question might be ruled upon, and that a mutual participation in political

quéstions caused him to believe that the cordial relations existing between the attorneys for the parties would be sufficient to forfend the filing of a motion for the entry of judgment by default, for which reason he failed to give to this case the zeal and diligent attention that he has always bestowed upon matters in litigation in which other attorneys officiated.

"While it is true that the attorney for the defendant has been negligent, the court is of the opinion that such negligence is excusable in that it was not the intention of the defendant to delay the question in dispute.

"Wherefore the court, in the exercise of the discretional faculties conferred upon it by section 140 of the Code of Civil Procedure, in the best interests of justice, resolves to annul and set aside the judgment by default entered herein by the Secretary, opening the default so entered and considering the amended answer presented by the defendant as filed, the proceedings thereafter to continue in accordance with law.

"Aguadilla, P. R., January 13, 1925.   (Sd.) Tomás Bryan, Judge of the District.   Attest:  (Sd.) A. Méndez Liciaga, Secretary."

[1] Despite the state of the law and the fact that defendant's attorney knew that the complainant had already taken a default judgment, he states that he relied on complainant's not doing so.   In other words, while the attorney for the defendant was occupying himself with other duties away from his domicile and filed a motion for a bill of particulars, which was evidently a mere makeshift, the complainant's attorney, out of a spirit of *compañerismo*, was bound to mark time, and his client as well.   We are satisfied that, at any time from the opening of the default judgment on January 24, 1924, up to the rendering of the second default judgment on August 2, 1924, the defendant could have obtained permission to answer, especially if such an answer had been offered.   The complaint was not under oath. The real answer, although it has special defenses, in its essence is a mere denial.

We have frequently decided that business or professional engagements away from the domicile of the client are not an excuse for not attending to a client's business.

If alleged professional occupations will suffer an attorney to make feints of pleading instead of actually answering, then busy lawyers can delay cases indefinitely. We are bound to doubt whether the attorney was too busy for six months or so to give proper attention to this case, especially as in any stringency the attorney for the defendant moved promptly enough.

[2, 3] The jurisprudence is clear that mistakes or omissions of the attorney are imputable to the client. See note to *Citizens' National Bank of Sisselon*, 27 L.R.A. (N. S.) 858. Of course, ordinarily, the courts will not intervene in reviewing an act of discretion in opening a default. The appellate courts are a little more disposed to open a default on appeal than to reverse the action when the lower court has itself opened the default. Nevertheless, in all the reported cases that we have reviewed where the default was opened either in the lower court or in the appellate court, the action of the attorney or of his client was much more excusable. The case is an extraordinary one and out of all precedent. The court had once before refused to exercise its discretion. From that order there was an unsuccessful appeal. To open the default under the frivolous excuses of the attorney for the defendant was an abuse of discretion. There was no real excuse for the attorney not pleading before, as all and singular the actions of the attorney revealed. A complainant has certain rights and should not be made to depend upon the caprice and arbitrary will of an attorney for a defendant. We doubt whether any reported case can be found where an attorney for a defendant could hope for an indulgence under the circumstances. Idaho has a statute which permits a court to open a default within a certain time due to the negligence of the attorney upon his paying the costs and being subject to a fine of not more than one hundred dollars, but this statute is one of the exceptions that points the law. We regret the situation of defendant, but if she has a valid

defense she probably has an action over against her attorney for his negligence.

We are not impressed with the excuses of the attorney in this case. We think they are totally frivolous. They are chargeable to the client and the order opening the default should be reversed.